

# IN THE DISTRICT COURT OF CLEVELAND COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| JASON NIKDEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CJ-2020- 2021-50 (B) |
| | ) |
| ROBERT W. MOORE, individually; and | ) |
| BUTLER TRANSPORT, INC., a foreign for- | ) |
| profit corporation, | ) |
| | ) |
| Defendants. | ) |

STATE OF OKLAHOMA
CLEVELAND COUNTY } S.S.
FILED
JAN 19 2021
In the office of the
Court Clerk MARILYN WILLIAMS

## PETITION

COMES NOW, Plaintiff, Jason Nikdel ("Plaintiff"), by and through her attorneys, Parrish DeVaughn Injury Lawyers, and for his cause of action against Defendants, Robert W. Moore ("Defendant Moore") and Butler Transport, Inc. ("Defendant Butler Transport") (collectively "Defendants"), alleges and states as follows:

## PARTIES AND JURISDICTION

1.  This case arises out of a tractor-trailer and automobile collision that occurred on or about September 19, 2020, at or near the Tecumseh Road entrance ramp of Southbound Interstate 35 in Norman, Cleveland County, Oklahoma.

2.  Plaintiff is a resident of Edmond, Oklahoma, located in Oklahoma County, Oklahoma.

3.  Upon information and belief, Defendant Moore is a resident of Bulverde, Texas. Defendant Moore's last known address is 441 E. Ammann Road., Bulverde, TX 78163

4.  Upon information and belief, Defendant Butler Transport is a foreign for-profit corporation transacting with its principal place of business located at 437 E. James St., Kansas

City, Kansas, 66118. It can be served through its registered agent, George Butler, at 5400 Speaker Road, Kansas City, Kansas 66106.

5. Upon information and belief, Defendant Butler Transport is registered with U.S. Department of Transportation under DOT number 324877.

6. Upon information and belief, at all times relevant hereto, Defendant Moore was an employee and/or agent of Defendant Butler Transport and was acting within the course and scope of his employment/agency with Defendant Butler Transport.

7. Venue is proper in Cleveland County, State of Oklahoma, and the Court has jurisdiction over the parties.

## FACTS APPLICABLE TOO ALL COUNTS

8. On or about September 19, 2020, Plaintiff was traveling southbound in the middle lane on Interstate 35.

9. At the same time, Defendant Moore was driving a tractor-trailer, traveling southbound on Interstate 35.

10. Defendant Moore made an improper lane change in front of Plaintiff from the outside lane of traffic into the middle lane, causing the front end of Plaintiff's vehicle to collide with the rear drivers side and rear end of Defendant Moore's trailer.

11. As a direct and proximate result of the collision, Plaintiff sustained personal injuries.

12. Defendant Moore's actions and omissions proximately and directly caused the injuries to Plaintiff.

## COUNT ONE

## NEGLIGENCE AND NEGLIGENCE *PER SE* OF DEFENDANT MOORE

Plaintiff adopts and incorporates by reference the allegations contained in the paragraphs above and further alleges and states as follows:

13. On September 19, 2020, Defendant Moore was negligent in the operation of his tractor-trailer.

14. Defendant Moore chose to drive with reckless disregard to the rights of others.

15. Defendant Moore was negligent *per se* in violating Oklahoma vehicle and traffic laws and regulations.

16. Defendant Moore's violation of Oklahoma vehicle and traffic laws and regulations proximately and directly caused the injuries suffered by Plaintiff.

17. The foregoing acts and/or omissions of Defendant Moore, whether singularly or in combination, were the direct and proximate cause of the damages sustained by Plaintiff. These damages include, but are not limited to, all allowable damages permitted under the law.

## COUNT TWO

## NEGLIGENCE AND NEGLIGENCE *PER SE* OF DEFENDANT BUTLER TRANSPORT

Plaintiff adopts and incorporates by reference the allegations contained in the paragraphs above and further alleges and states as follows:

18. At the time of the collision, Defendant Moore was acting either in the course and scope of his employment with Defendant Butler Transport, or as an agent of or on behalf of Defendant Butler Transport.

19. Defendant Butler Transport is vicariously liable for the negligence of Defendant Moore by virtue of the doctrine of *respondeat superior*.

20. Defendant Butler Transport is liable for negligently entrusting the tractor-trailer to Defendant Moore.

21. Defendant Butler Transport was negligent *per se* in negligently entrusting the tractor-trailer to Defendant Moore pursuant to 47 O.S. § 6-307.

22. Defendant Butler Transport was negligent in hiring, retaining, training, and supervising Defendant Moore, who it knew or should have known was not competent or properly trained to drive the commercial vehicle.

23. The collision and the manner in which it occurred was reasonably foreseeable to Defendant Butler Transport, which had actual and/or constructive knowledge that violating the Oklahoma Rules of the Road could result in harm to other motorists.

24. The foregoing acts and/or omissions of Defendant Butler Transport, whether singularly or in combination, were the direct and proximate cause of the damage sustained by Plaintiff. These damages include, but are not limited to, all allowable damages permitted under the law.

## DAMAGES

25. The foregoing acts and/or omissions of Defendants, whether singularly or in combination, were the direct and proximate cause of the damage sustained by Plaintiff. These damages include, but are not limited to, all allowable damages permitted under the law.

26. Defendants' actions individually and/or vicariously constitute a reckless, willful and wanton conduct that created an unreasonably dangerous condition without regard to the safety of the public and specifically to Plaintiff. Such conduct was contumacious to the laws of the State of Oklahoma and warrants punitive damages in an amount in excess of $75,000.00.

WHEREFORE, Plaintiff demands judgment against Defendants for an amount which is fair and reasonable in excess of $75,000.00, punitive damages in excess of $75,000.00, attorney's fees and costs, and interest herein incurred and expended, and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**ATTORNEY'S LIEN CLAIMED**

**JURY TRIAL DEMANDED**

Greg Keogh, OBA 33933
Nathan D. Rex, OBA 31694
PARRISH DEVAUGHN, PLLC
7 Mickey Mantle, Second Floor
Oklahoma City, OK 73104
405-444-4444
405-232-0058 (f)
greg@parrishdevaughn.com
*Attorneys for Plaintiff*